The action was brought on a covenant of quiet enjoyment, which is contained in a deed to plaintiff from the defendant's testator, one Haines Richardson, and is in the usual form. *Page 345 
The land described in the deed had belonged to one William Smith, from whom it descended to his daughter Flora Ann, who intermarried with the said Haines, the testator. He (Haines Richardson) took possession of the land in question and conveyed it in fee simple to the plaintiff by the deed above set forth, containing the covenant sued on, and he entered into possession under it and held it for several years. Haines Richardson had issue of the marriage with Flora Ann, to wit, one William S. Richardson. She and her husband both died, and the said William S. then demanded the premises, and having instituted an action of ejectment against the plaintiff, recovered the same upon his paramount title, and the plaintiff was turned out of possession by a writ issuing on such judgment.
The defendant contended that inasmuch as Haines Richardson had a life estate in the land described in his deed, by the curtesy, at the time he made his conveyance, although there was a defect in the remainder, there was no breach of the covenant.
There was a verdict by consent for the purchase money and interest, also for the costs of the suit in ejectment by which the plaintiff was evicted, subject to the opinion of the court on the point of law raised by the defendant's counsel, with leave to set it aside in case he should be of opinion against the plaintiff. On consideration of the point reserved, the court gave judgment for plaintiff, and defendant (453) appealed.
There is no ground on which the correctness of the conclusion of his Honor in the court below can be drawn in question.
It was said at the bar that the counsel of the defendant had, on the trial below, relied on Wilder v. Ireland, ante, 85.
In that case the life estate was outstanding; in this case the life estate had fallen in, and the remainderman had made an eviction by a recovery in ejectment and a writ of possession. The distinction is too plain to admit of further explanation. There is
PER CURIAM. No error. *Page 346